Eastern Dist
*May*, 1828.
——⌣—— 

*M'Caleb* for the plaintiff, *Hennen* for the defendant.

## BALFOUR vs. BROWDER.

The prescription of the action of a party, injured by a false return, runs from the return.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This is an action against the sheriff of the parish of West Feliciana for making a false return on an execution issued under an order of seizure and sale. The facts out of which the contest arises, are stated somewhat at length in the case of *Balfour* vs. *Chew, vol.* 4, 154.

Among other defences offered by the pleadings is that of the prescription of one year.

It has lately been decided in this court that the prescription established by the 3501st article of the Louisiana code applies to the acts of a sheriff who makes a false return on a writ placed in his hands for execution. The return complained of in this case was made in May, 1824, and the present action was not commenced until August, 1826, more than a year had therefore elapsed.

But it is contended the prescription relied on does not run from the day of the return of

the writ, but from the day the damage was sustained, and that in this case it was not until after the decision of the supreme court in the case of *Balfour* vs. *Chew,* and the resale of the property first seized, in consequence of the untrue return of the first execution, that any damage was sustained by the plaintiff.

If the facts alleged in the petition be true, and they must be so considered in the examination of the question, the damage was sustained the moment the false return was made. The complaint of the petitioner is, that the land was in fact sold for $9450, and that the defendant returned that it was sold for $3450.— The injury therefore was committed the moment the execution was returned into court, for by it the defendant was deprived of a credit of $6000 to which he was entitled. The clause contained in the 3502d article of the code which makes prescription run from the day the damage is sustained, may perhaps give rise hereafter to difficult questions, though it does not present such in the present case. As at present advised, we conceive it to apply to cases, where the act itself would not furnish ground for an action, but where as a consequence of that act damage was sustained.—

Eastern Dist.
*May*, 1828.

BALFOUR
*vs.*
BROWDER.

Where the injury is consequential rather than direct; of which an example may be given from another system of jurisprudence where words not actionable in themselves when spoken may become so if they produce injury; or if a man were to erect a nuisance on the high way, by which one of his fellow-citizens sustained damage—in these, and similar cases, the prescription would not run from the day the act was committed, but from the day that the injury was suffered. The reason is obvious, because no right of action existing until the damage is sustained, the plaintiff cannot be barred by not bringing suit before he had a right to do so. But where, as in the present instance, the injury was the direct and immediate result of the act of the defendant, and the right of action existed the moment the false return was made, the prescription was from the time the act was committed; because then in truth, to use the language of our code, *the damage was sustained.* It is not in our judgment a satisfactory answer to this doctrine to say, that if the land had risen in value it might have produced more on the second sale than the first, and that no loss would have been suffered by the plaintiff. If it did produce more,

this might have been offered in mitigation of the damages which the plaintiff could have claimed in an action on the false return, but certainly would not have defeated it.

As to the argument urged in the court below and to the overruling of which by the judge in his charge, a bill of exceptions was taken—that prescription could not run until after the decision of this court, because the plaintiff could not know until then, what would be the effect of the return made by the defendant, it has with great propriety not been pressed here. It is as novel as unsound; the plaintiff might with just as much propriety and correctness argue, he did not know the prescription was of one year.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.